UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
JOHN L. PETEREC,

                Plaintiff,

   -against-

New York State Police Trooper KYLE
KROEGER, Badge #4858, and New York
State Court Stenographer/Reporter
JOAN PUGLIESE,

                Defendants.
------------------------------------------------X

**REPORT AND RECOMMENDATION**

08 Civ. 1626 (CS) (GAY)

TO THE HONORABLE CATHY SEIBEL, United States District Judge:

Plaintiff John Peterec brings this *pro se* action pursuant to 42 U.S.C. § 1983, alleging that State Police Trooper Kyle Kroeger was deliberately indifferent to plaintiff's medical needs and that deliberate inaccuracies in a transcript provided by Court Reporter Joan Pugliese resulted in the violation of plaintiff's substantive due process rights.[1] Plaintiff's claims arose from his December 11, 2005 arrest and subsequent criminal proceedings for stopping on a highway, driving while intoxicated and driving with excessive alcohol in the blood. Presently before this Court is defendants' motion to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"). For the reasons that follow, I respectfully recommend that defendants' motion should be granted.

---

[1] On May 10, 2008, Judge Kimba Wood dismissed all of the other claims set forth in the Amended Complaint. See Exhibit D attached to defendants' Notice of Motion to Dismiss the Amended Complaint.

## I. RULE 12(b)(6) STANDARD OF REVIEW

In evaluating a motion to dismiss a complaint under FRCP 12(b)(6), this Court is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). In doing so, the Court "must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001). Ultimately, the Court must grant a 12(b)(6) motion to dismiss if the plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

For purposes of evaluating a 12(b)(6) motion, the complaint "is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (quotation and citation omitted). Further, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). *Pro se* complaints and supporting papers must be read "liberally" and interpreted to "raise the strongest arguments that they suggest." See Soto v. Walker, 44 F.3d 169, 173 (2d Cir. 1995) (quotation and citation omitted).

## II. DELIBERATE INDIFFERENCE

Claims by pretrial detainees for denial of adequate medical care are examined under the Fourteenth Amendment's Due Process Clause. See Weyant v. Okst, 101 F.3d 845, 856 (2d Cir. 1996). The Second Circuit has made clear that "an unconvicted

2

detainee's rights are at least as great as those of a convicted prisoner." See id. Thus, "the official custodian of a pretrial detainee may be found liable for violating the detainee's due process rights if the official denied treatment needed to remedy a serious medical condition and did so because of his deliberate indifference." See id.

In order to establish his claim for deliberate indifference, plaintiff must satisfy both an objective and a subjective component. See Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998). Objectively, plaintiff must demonstrate that his medical condition is sufficiently serious. See Brock v. Wright, 315 F.3d 158, 162 (2d Cir. 2003). Subjectively, plaintiff must prove that the defendant knowingly disregarded this threat to plaintiff's health. See Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994).

Here, plaintiff alleges the following facts in support of his deliberate indifference claim:

On December 12, 2005, defendant State Trooper Kyle Kroeger spotted plaintiff sitting in his parked vehicle off exit 110 on Route 17 east in the Town of Thompson, New York. Kroeger ordered plaintiff out of the vehicle in order to conduct a field sobriety test ("FST"). Plaintiff informed Kroeger that he suffered from asthma which would be exacerbated by any stress caused by the FST. Plaintiff also told Kroeger that he would not be able to successfully complete the FST because he suffered from severe spinal scoliosis and a pre-existing lower back injury, and that the FST would exacerbate the pain in his lower back. Plaintiff suggested that Kroeger take him across the street to the Crystal Run hospital for a blood toxicology screening in lieu of the FST which, plaintiff told Kroeger, he could not pass because of his medical issues. Kroeger refused to take plaintiff to the hospital and, instead, conducted the FST on an icy, wet

3

road surface full of loose pebbles and gouges. Plaintiff contends that, under these conditions, it was impossible for him to pass the FST. Plaintiff claims that the FST "exacerbated his conditions." Kroeger transported plaintiff to the Wurtsboro barracks. While at the barracks, Kroeger had to retrieve something from the other room and briefly left plaintiff unattended, during which time plaintiff had to use his asthma inhaler. Plaintiff states that Kroeger knew that plaintiff had the inhaler in his possession. Finally, plaintiff claims that his breathalyzer results were falsely high due to the amount of alcohol in the inhaler mist.

The bulk of plaintiff's allegations do not support a claim of deliberate indifference and, instead, appear to be an attack on the validity of the FST results and the substantive merits of the underlying criminal charges. The gist of the remaining allegations relevant to plaintiff's deliberate indifference claim are as follows: (1) the FST exacerbated plaintiff's asthma and lower back pain; and (2) plaintiff had to use his asthma inhaler at the barracks. Said allegations fall far short of establishing that Kroeger was deliberately indifferent to plaintiff's serious medical needs.

Plaintiff alleges, in conclusory fashion, that the FST exacerbated his asthma and lower back pain. Apart from his conclusory allegation, plaintiff provides no information about the severity of either condition, either prior or subsequent to the FST. Moreover, plaintiff does not allege that Kroeger either denied or delayed plaintiff's access to medical care. Plaintiff complains that Kroeger refused to take him to the hospital, but plaintiff alleges that he requested the hospital visit only for purposes of a blood toxicology screening and not for medical treatment. Nor does plaintiff claim that he received inadequate treatment at the time of his asthma attack. To the contrary,

4

plaintiff alleges that his asthma worsened at the barracks so he used his inhaler. Plaintiff states that Kroeger knew plaintiff possessed an asthma inhaler. He does not allege that his inhaler failed to address his symptoms and that he was in need of further medical attention. More significantly, plaintiff admits that Kroeger was not even present at the time plaintiff needed to use his inhaler. In sum, plaintiff has failed to allege facts to support a plausible claim against defendant Kroeger for deliberate indifference to plaintiff's serious medical needs. Accordingly, I respectfully recommend that plaintiff's deliberate indifference claim should be dismissed.

### III. RIGHT OF ACCESS TO COURT

Pretrial detainees "have a constitutional right of access to the courts." See Bourdon v. Loughren, 386 F.3d 88, 92 (2d Cir. 2004) (quoting Bounds v. Smith, 430 U.S. 817, 821 (1977)). "The right of access to the courts . . . assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights." Wolff v. McDonnell, 418 U.S. 539, 579 (1974). In order to state a claim for violation of the right of access to courts, plaintiff must allege facts which demonstrate "that (1) the defendant deliberately and maliciously interfered with this access, and that (2) this interference resulted in injury." See Kampfer v. Vonderheide, 216 F. Supp.2d 4, 6-7 (N.D.N.Y. 2002) (quotation and citation omitted).

Here, following a bench trial in the Town of Thompson Justice Court, plaintiff was convicted of DWAI and parking on the pavement. Plaintiff appealed his conviction to the County Court, County of Sullivan. Sullivan County Court Judge Frank LaBuda held oral argument on plaintiff's appeal, which was transcribed by court reporter Joan Pugliese. Plaintiff thereafter submitted a transcript of the oral argument, supplied by

5

Pugliese at plaintiff's request, in support of his appeal. Plaintiff presently contends that Pugliese deliberately provided plaintiff with an inaccurate transcript, in violation of his right of access to the courts. Plaintiff specifically alleges in his amended complaint that, during oral argument, he cited the case of *People v. Corley* in support of his argument for reversal of his conviction, but the transcript erroneously listed the case as *People v. Cawley*. Plaintiff alleges that he told Pugliese of the error but she refused to correct it.[2] Plaintiff also alleges that the error contributed greatly to the County Court's decision to dismiss plaintiff's appeal. Plaintiff's conclusory allegations are insufficient to establish that he has been "denied access" within constitutional limitations. He has failed to allege any facts that support a plausible claim that the incorrect spelling of the case name caused him actual injury or prevented him from presenting his arguments on appeal or otherwise deprived him of effective appellate review. Accordingly, I respectfully recommend that plaintiff's right of access claim should be dismissed.

## IV. CONCLUSION

For all of the foregoing reasons, I conclude, and respectfully recommend that defendants' **motion to dismiss should be granted** and all claims against New York State Police Trooper Kyle Kroeger and New York State Court Reporter Joan Pugliese **should be dismissed**.

---

[2] Other errors about which plaintiff complained were apparently corrected in a revised transcript.

6

## V. NOTICE

Pursuant to 28 U.S.C. §636(b)(1), as amended and Rule 72(b), the parties shall have ten (10) days from receipt of this Report to serve and file written objections to this Report and Recommendation. If copies of this report are served upon the parties by mail, the parties shall have thirteen (13) days from receipt of this Report to file and serve written objections. See Fed. R. Civ. P. 6(d). Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Cathy Seibel at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered. See Caidor v. Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008).

Requests for extensions of time to file objections must be made to the Honorable Cathy Seibel and not to the undersigned.

Dated: November 19, 2008
       White Plains, New York

Respectfully Submitted,

_____
GEORGE A. YANTHIS, U.S.M.J.

7