UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
JOHN L. PETEREC,

                Plaintiff,        08-CV-1626 (CS)(GAY)

    - against -              **MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION**

New York State Police Trooper KYLE KROEGER, Badge # 4858, and New York State Court Stenographer/Reporter JOAN PUGLIESI,

                Defendants.
------------------------------------------------------------------------x

Appearances:

John L. Peterec
Rock Hill, New York
*Plaintiff* Pro Se

Susan Anspach, Esq.
Office of the Attorney General
State of New York
New York, New York
*Counsel for Defendant*s

Seibel, J.

      Before the Court is the November 19, 2008 Report and Recommendation of Magistrate Judge George A. Yanthis (the "R&R") (Doc. 22), to which Plaintiff filed objections on November 25, 2008 (Doc. 23). Defendants opposed those objections on December 16, 2008. (Doc. 24.)

      Plaintiff's Amended Complaint pursuant to 42 U.S.C. § 1983 alleges that: 1) Defendant Kroeger was deliberately indifferent to Plaintiff's medical needs during a traffic stop and arrest on December 12, 2005, in violation of the Due Process Clause of the Fourteenth Amendment to

the Constitution; and 2) Defendant Pugliesi deliberately refused to correct an inaccuracy in a transcript she prepared of the argument of Plaintiff's appeal from his state court conviction, depriving him of his right of access to the courts, also in violation of the Fourteenth Amendment's Due Process Clause.[1] Defendants moved to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. 17). In the R&R, familiarity with which is assumed, Judge Yanthis recommended that the Motion be granted.

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific," "written," and submitted "[w]ithin 10 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(C). A district court must conduct a *de novo* review of those portions of the report or specified proposed findings or recommendations to which timely objections are made. 28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); Fed. R.

---

[1] Various other allegations and defendants in the original and amended Complaints were dismissed by Chief Judge Kimba M. Wood in Orders dated February 19, 2008, (Doc. 3), and May 19, 2008, (Doc. 5). The first of those Orders permitted Plaintiff to amend his Complaint to allege facts supporting the two claims at issue here, and provided detailed guidance regarding the legal requirements for such claims.

Civ. P. 72 advisory committee's note (b). In addition, "[t]o the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865, 2008 U.S. Dist. LEXIS 92267, at *2 (S.D.N.Y. Oct. 31, 2008); *accord Evans v. Ericole*, No. 06-CV-3684, 2008 U.S. Dist. LEXIS 91556, at *2-3 (S.D.N.Y. Nov. 10, 2008) (reviewing report and recommendation for clear error where *pro se* plaintiff made only general objection); *Harden v. Laclaire*, No. 07-CV-4592, 2008 U.S. Dist. LEXIS 86582, at *1 (S.D.N.Y. Oct. 27, 2008) (same); *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." (internal quotation marks omitted)).

The objections of parties appearing *pro se* are "generally accorded leniency" and should be construed "to raise the strongest arguments that they suggest." *Milano v. Astrue*, No. 05-CV-6527, 2008 U.S. Dist. LEXIS 74488, at *3-4 (S.D.N.Y. Sept. 26, 2008) (internal quotation marks omitted). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, No. 06-CV-5023, 2008 U.S. Dist. LEXIS 55034, at *2-3 (S.D.N.Y. July 21, 2008) (internal quotations marks omitted).

Defendants argue that Plaintiff's objections merely reiterate his original arguments and thus that the clear error standard should apply. While some of Plaintiff's arguments fit that characterization, I find – especially in the light of the leniency accorded *pro se* filings – that

Plaintiff's objections as a whole are sufficiently specific to merit the *de novo* standard of review. Applying that standard, I concur with Judge Yanthis' conclusions.

To state a claim of deliberate indifference to medical needs, Plaintiff must allege that his medical condition was objectively serious, and that Defendant Kroeger knowingly disregarded the serious threat to Plaintiff's health. *See Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998); *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). The former prong contemplates "a condition of urgency, one that may produce death, degeneration, or extreme pain." *Hathaway*, 37 F.3d at 66 (internal quotation marks omitted). The latter prong may be met by allegations that Plaintiff suffered from severe distress obviously warranting prompt medical attention, Plaintiff made multiple complaints of pain, or other evidence establishing that Defendant Kroeger was both aware of facts from which an inference of substantial risk of serious harm could be drawn and in fact drew that inference. *See id.* at 66-68; *Archer v. Dutcher*, 733 F.2d 14, 16-17 (2d Cir. 1984). The allegations in the Amended Complaint regarding the events during Plaintiff's stop and arrest do not meet this standard. Assuming them to be true, as I must, they establish no more than that Plaintiff told Defendant Kroeger that Plaintiff: 1) suffered from asthma and back pain; 2) was stiff and exhausted from his long commute; 3) would suffer exacerbation of these conditions if subjected to a field sobriety test (which consists of walking a straight line and the like); and 4) did not think he could pass a field sobriety test because of his medical conditions. (Am. Compl. at 62-68.) There is nothing in the Amended Complaint suggesting that Plaintiff was having an asthma attack or was in any sort of obvious distress, complained of actual pain or breathing problems, or otherwise demanded medical attention. To the contrary, the Amended Complaint makes plain that Plaintiff asked to go to the hospital not for treatment of any pressing

condition but because he preferred a blood alcohol test to a field sobriety test. Similarly, with respect to the events at the State Police barracks following Plaintiff's arrest, the Amended Complaint alleges only that Plaintiff used his asthma inhaler at the barracks, apparently while alone in a room (*id.* at 75-76). (It is this alleged use of the inhaler, which allegedly contains dehydrated alcohol, that Plaintiff later blamed for his elevated score on a breath alcohol analysis test.) There is no suggestion that Plaintiff was in obvious distress or requested medical attention, that the inhaler was insufficient to address whatever problem Plaintiff was experiencing, or that Defendant Kroeger observed anything that could have put him on notice that medical attention was needed. In short, the allegations of the Amended Complaint do not rise to the level of a constitutional violation for deliberate indifference to medical need.[2]

To state a claim for denial of access to the courts, Plaintiff must allege, among other things, that Defendant Pugliesi's conduct caused "actual injury" or "hindered" Plaintiff's ability to pursue a legal claim. *Lewis v. Casey*, 518 U.S. 343, 349-50 (1996). The alleged erroneous rendition of *People v. Corley* as *People v. Cawley* in the transcript of appellate argument prepared by Defendant Pugliesi does not meet this standard. Even if the appellate court did not know of the error, Plaintiff nevertheless was able to present his arguments to that court both orally and in writing. Moreover, the exhibits to his Amended Complaint make clear that he

---

[2] In his opposition to the Motion, Plaintiff claimed that he asked Defendant Kroeger to take him to the hospital because of his asthma, and in his objections to the R&R Plaintiff claimed that Defendant Kroeger refused to let him use his inhaler despite severe breathing problems. These allegations, however, are nowhere in the Amended Complaint, and it is to the Amended Complaint that the Motion to Dismiss is addressed. These stages in the litigation (the opposition to a motion and the filing of objections to an R&R) are too late for Plaintiff to introduce new alleged facts, especially when, with detailed guidance from the Court, he has already amended his Complaint.

brought the misspelling of the *Corley* case to the appellate court's attention by letters dated May 31, 2007, and July 31, 2007 (*see* Am. Compl. Ex. 3), and thus the appellate court was aware of the transcription error when it issued its ruling on October 12, 2007 (*see id.* Ex. 2). Finally, there is no evidence that the appellate court even considered the transcript (as opposed to the argument itself) in deciding the appeal. In these circumstances, the conduct alleged cannot have caused actual injury or hindered Plaintiff's access to the courts.

Accordingly, I concur with Judge Yanthis' reasoning and recommendation. Defendants' Motion to Dismiss is GRANTED. The Clerk of the Court is respectfully directed to terminate the pending Motion (Doc. 17), and close the case.

**SO ORDERED.**

Dated: February 6, 2009
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.